IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA WAGNER, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) Case No. 11-CV-5671 ) ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| FAMILY VIDEO MOVIE CLUB, INC., an Illinois corporation, | ) ) ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Melissa Wagner ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Family Video Movie Club, Inc. ("Family Video" or "Defendant"), to put a stop to its unlawful practice of retaining Plaintiff's personally identifiable information and to seek redress for such conduct. Plaintiff, on her own behalf and on behalf of a class of similarly situated individuals, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

### INTRODUCTION

1. Plaintiff brings this Class Action Complaint against Family Video for Family Video's unlawful retention of her personally identifiable information, including her video programming viewing history, in violation of the Video Privacy Protection Act, 18 U.S.C. §§ 2710, *et seq.* ("VPPA").

2. According to its website, Family Video is the largest privately owned movie and game retailer in the United States, and operates more than 735 Family Video stores in 19 states, including 113 locations in the State of Illinois.

3. Family Video maintains a digital record system that details the purchase histories of every movie that consumers buy from its stores. As a result, Family Video maintains a veritable digital dossier on thousands, if not millions, of consumers throughout the country. Family Video maintains and stores this information indefinitely.

4. In recognition of the fact that companies who sell and rent movies—like Family Video—must collect certain confidential and sensitive consumer information with respect to personal viewing habits, the VPPA requires such companies to "destroy personally identifiable information as soon as practicable." 18 U.S.C. § 2710(e).

5. However, in direct contravention of the protections afforded to consumers under the VPPA, Family Video maintains and stores its customers' sensitive video programming viewing histories for an indefinite period of time.

6. Accordingly, Family Video has knowingly retained the "personally identifiable information" and sensitive video programming viewing histories of millions of consumers in violation of the VPPA.

**PARTIES**

7. Plaintiff is a natural person and citizen of the State of Iowa.

8. Family Video is a corporation organized under Illinois law, with its headquarters located at 2500 Lehigh Ave., Glenview, Illinois, and is an Illinois citizen.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's claims arising under the laws of the United States pursuant to 28 U.S.C. § 1331.

10. This Court has personal jurisdiction over Family Video because it is registered to do and does business in Illinois, and the improper conduct alleged in the Complaint occurred in, was directed and/or emanated from Illinois.

11. This Court is an appropriate venue for the adjudication of this controversy because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

### The Video Privacy Protection Act

12. The desire to keep video programming viewing history records private led Congress to enact the Video Privacy Protection Act in 1988 (the "Act" or "VPPA"). Inspired by the release of video viewing records of Supreme Court Justice Nominee Robert H. Bork and his family, Congress promulgated the Act to explicitly preserve United States citizens' right to privacy in their video viewing histories.

13. When the VPPA was introduced, the late Senator Paul Simon noted that,

> There is no denying that the computer age has revolutionized our world. Over the past 20 years we have seen remarkable changes in the way each one of us goes about our lives. Our children learn through computers. We bank by machine. We watch movies in our living rooms. These technological innovations are exciting and as a nation we should be proud of the accomplishments we have made. Yet, as we continue to move ahead, we must protect time honored values that are so central to this society, particularly our right to privacy. The advent of the computer means not only that we can be more efficient than ever before, but that we have the ability to be more intrusive than

3

> ever before. *Every day Americans are forced to provide to businesses and others personal information without having any control over where that information goes. These records are a window into our loves, likes, and dislikes.*

S.Rep. No. 100-599 at 7-8 (1988) (emphasis added).

14. In another strikingly accurate forward-looking statement, Senator Patrick Leahy remarked that "the trail of information generated by every transaction that is now recorded and stored in sophisticated record-keeping systems is a new, more subtle and pervasive form of surveillance." S.Rep. No. 100-599 at 8 (1988).

15. Although in 1988 these Senators could not possibly forecast the amount of data collected on consumers today by large retailers such as Family Video, both Sen. Simon's and Sen. Leahy's comments would prove prescient.

16. Many glaring and dangerous privacy issues are implicated by Family Video's practice of retaining video programming viewing history indefinitely—the exact type of dangers that the VPPA was enacted to thwart.

17. Accordingly, the VPPA affords consumers significant protections with respect to the storage, confidentiality, and ultimate destruction of any records concerning the names and titles of any movies they have rented or purchased.

18. Specifically, the VPPA requires video-programming providers to destroy "personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected...." 18 U.S.C. § 2710(e).

19. Under the VPPA, the term "personally identifiable information" means all "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(4).

**Family Video Systematically Violates the VPPA**

20. Family Video is an American company that sells and rents, among other items, movies to consumers in the form of DVDs and Blu-ray discs.

21. With every movie sale, Family Video collects its customers' video programming viewing histories, and stores such information for an indefinite period of time.

22. The video programming viewing histories that Family Video stores includes every DVD and Blue-ray movie that the customer has ever purchased from Family Video, as well as information which identifies the customer as having requested or obtained specific video materials or services.

23. Accordingly, Family Video systematically violates the VPPA by storing and maintaining its customers' "personally identifiable information," as that term is defined by the VPPA.

**FACTS RELATING TO PLAINTIFF**

24. Plaintiff is a former Family Video customer.

25. For several years up through and including 2008, Plaintiff rented numerous movies from various Family Video locations throughout the State of Iowa.

26. Although Plaintiff's last rental occurred in 2008, Family Video failed to destroy Plaintiff's movie rental history.

27. Similarly, while Plaintiff's transactions were completed over one (1) year ago, Family Video has continued to store and maintain, to this day, Plaintiff's "personally identifiable information," including this movie rental and viewing histories.

## CLASS ALLEGATIONS

28. **Definition of the Class:** Plaintiff brings this lawsuit pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All persons in the United States who purchased a movie from Family Video wherein Family Video retained their personally identifiable information, including information which identifies the person as having purchased a specific movie, for more than one (1) year.

The following individuals and entities are excluded from the Class: 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current and former employees, officers, and directors; 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family; 3) persons who execute and file a timely request for exclusion; and 4) the legal representatives, successors, or assigns of any such excluded person.

29. **Numerosity:** Although the precise number of Class members is not known at this time, it is clear that individual joinder in this case is impracticable. The Class is composed of thousands of individuals, all of who may be readily identified through Defendant's records.

30. **Commonality:** Common questions of law and fact pertain to both Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

6

      a.  Whether Family Video unlawfully retained its former customers' personally identifiable information and video programming viewing histories; and

      b.  Whether Family Video's conduct violates the Video Privacy Protection Act, 18 U.S.C. §§ 2710, *et seq.*;

31.    **Typicality:** The factual and legal bases of Family Video's liability to Plaintiff and to the other members of the Class are the same and resulted in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as a result of Family Video's wrongful conduct.

32.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and Defendant has no defenses unique to Plaintiff.

33.    **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far

fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

34. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Defendant's policies challenged herein apply to and affect all members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

**COUNT I: Violation of the Video Privacy Protection Act
(18 U.S.C. §§ 2710, *et seq.*)
(On Behalf of Plaintiff and the Class)**

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Family Video is a "video tape service provider" as defined by the Video Privacy Protection Act ("VPPA") because it "engage[s] in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery or prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

37. Plaintiff is a "consumer," as defined by the VPPA, because she is a "renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1).

38. The VPPA mandates that service providers "destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected." 18 U.S.C. § 2710(e).

39. In violation of 18 U.S.C. § 2710(e), Family Video continues to retain the personally identifiable information of Plaintiff and the putative Class, and fails to destroy its customers' personal information as soon as practicable after it was no longer necessary for the purpose for which it was collected.

40. As a result, Plaintiff and the Class have suffered injuries. Defendant's illegal conduct should be enjoined, and Plaintiff and the Class should be awarded the maximum statutory and punitive damages available under 18 U.S.C. § 2710(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Family Video and for the following relief:

A. Certify the action as a class action on behalf of the Class defined above, appoint Plaintiff as Class Representative, and designate her counsel as representatives of the Class;

B. Declare that Family Video's conduct, as described herein, violates the Video Privacy Protection Act, 18 U.S.C. §§ 2710, *et seq.*;

C. Award injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including both an order prohibiting Family Video from engaging in the wrongful and unlawful acts described herein and requiring Family Video to destroy its customers' personal information and video viewing histories that are no longer necessary for the purpose for which it was collected;

D. Award damages, including statutory damages of $2,500 per violation under the Video Privacy Protection Act, 18 U.S.C. § 2710(c) and punitive damages where applicable, to Plaintiff and the Class in an amount to be determined at trial;

  E. Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

  F. Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

  G. Award such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: August 19, 2011    Respectfully submitted,

            **MELISSA WAGNER**, individually and on behalf of a class of similarly situated individuals,

            By: /s/ Ari J. Scharg
              One of her attorneys

Jay Edelson
Rafey S. Balabanian
William C. Gray
Ari J. Scharg
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
jedelson@edelson.com
rbalabanian@edelson.com
bgray@edelson.com
ascharg@edelson.com

Joseph J. Siprut
SIPRUT PC
122 South Michigan Ave.
Suite 1850
Chicago, Illinois 60603
Tel: 312.588.1440
jsiprut@siprut.com